THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00358-MR
(CRIMINAL CASE NO. 1:01-cr-00048-MR-10)

DENNIS MERRIMON WATERS, )
)
        **Petitioner,** )
)
  **v.** ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
)
        **Respondent.** )
_____ )

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion for a Writ of Error *Coram Nobis* [Criminal Case No. 1:01-cr-00048-MR-10, Doc. 601] and the Motion to Vacate Sentence under 28 U.S.C. § 2255; Alternative Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela* ("Motion to Vacate") filed on behalf of Petitioner by counsel [Id., Doc. 600; Civil Case No. 1:12-cv-00358-MR, Doc. 2].[1] For the reasons that follow, the Court dismisses the Motion to Vacate as an unauthorized,

---

[1] Petitioner filed his *pro se* motion on November 8, 2012. Counsel made an appearance on behalf of Petitioner and filed the Motion to Vacate on November 13, 2012. Petitioner, through counsel, subsequently took a voluntary dismissal of his request for alternative relief under 28 U.S.C. § 2241 on January 16, 2013. [See Doc. 3].

successive petition.  The Court further finds that Petitioner may not obtain relief under any of his alternative theories.

Following a jury trial on November 15, 2001, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846, and 851.  [Crim. Case No. 1:01-cr-48, Doc. 179].  Shortly before trial, the Government filed an § 851 notice identifying three predicate felony drug offenses, thereby subjecting Petitioner to a mandatory minimum sentence of life imprisonment pursuant to 21 U.S.C. §§ 841 and 851.  [Id., Doc. 113].  Petitioner was sentenced to life imprisonment on October 1, 2002.  [Id., Doc. 295].  Petitioner's conviction and sentence were affirmed on appeal.  United States v. Pryor, 75 F. App'x 157 (4th Cir. 2003).

Petitioner filed a 28 U.S.C. § 2255 petition on March 24, 2004, which this Court denied on July 29, 2005.  [See Civil Case No. 1:04cv51, Docs. 10, 11].  Plaintiff did not appeal, although he subsequently filed a Rule 59(e) motion to alter or amend a judgment, which was denied.  [Id., Doc. 13].  The denial of this motion was affirmed on appeal.  United States v. Waters, 172 F. App'x 478 (4th Cir. 2006).

Petitioner filed his *pro se* motion for writ of error *coram nobis* on November 8, 2012.  Petitioner, through counsel, filed the Motion to Vacate

2

on November 13, 2012. In both motions, Petitioner contends that the maximum sentence Petitioner could have received for any of the predicate offenses identified in the § 851 notice was no more than one year. Thus, Petitioner contends that his predicate offenses no longer qualify as felonies pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), and Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577, 2581-82, 177 L.Ed.2d 68 (2010). Accordingly, Petitioner contends that the Court should grant his motion to vacate and resentence him.

Petitioner's Motion to Vacate is the second Section 2255 petition filed by Petitioner challenging his original conviction and sentence. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of

appeals."). Accordingly, this successive petition must be dismissed.[2] See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

Next, to the extent that Petitioner seeks alternative grounds for relief in the form of a writ of error *coram nobis* or a writ of *audita querela*, the Fourth Circuit recently stated as follows:

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); Akinsade, 686 F.3d at 252.

---

[2] District courts in the Fourth Circuit to have addressed the issue have held that petitions that raise Simmons claims are properly characterized as successive petitions. See Evans v. Warden at FMC Butner, No. 5:12-HC-2043-FL, 2012 WL 6633942, at *2 (E.D.N.C. Dec. 20, 2012) (stating that if an action raising a Simmons claim were treated as a Section 2255 petition, it would be dismissed as successive); Newman v. United States, No. 6:04-cr-01127-GRA-8, 2012 WL 6618754, at *2 (D.S.C. Dec. 19, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims); Akili v. Zych, No. 7:12-cv-456, 2012 WL 4891701, at *2 (W.D. Va. Oct. 15, 2012) (assuming that an action raising a Simmons claim would be a successive petition); Jones v. United States, Civil Action No. WDQ-12-2186, 2012 WL 3115756, at *2 (D. Md. July 25, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims).

> Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282 F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

United States v. Sessoms, No. 12-7316, 2012 WL 5520311, at *1 (4th Cir. Nov. 15, 2012). Here, Petitioner is obviously still in custody pursuant to his convictions, and he previously challenged his convictions and sentence in a Section 2255 motion. Therefore, the writ of error *coram nobis* is not available to Petitioner. Furthermore, Petitioner may not use the writ of *audita querela* to avoid the statutory rules on successive petitions. See Coleman v. United States, No. 3:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 F. App'x 340 (4th Cir. 2008).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Criminal Case No. 1:01-cr-00048-MR-10, Doc. 600; Civil Case No. 1:12-cv-00358-MR, Doc. 2] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that Plaintiff's requests for alternative relief in the form of a writ of error *coram nobis* or a writ of *audita querela* [Criminal Case No. 1:01-cr-00048-MR-10, Docs. 600, 601; Civil Case No. 1:12-cv-00358-MR, Doc. 2] are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 24, 2013

Martin Reidinger
United States District Judge